**SO ORDERED.**

**SIGNED October 19, 2007.**



_____
**ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE**

_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA

IN RE:

HWW ENTERPRISES, INC.                    CASE NO. 07-20231

    Debtor                               Chapter 7
```

---
### MEMORANDUM RULING
---

This matter involves competing motions to turnover remaining funds held in the registry of the 38th Judicial Court. The funds were deposited in the state court registry to secure a suspensive appeal from a judgment of eviction entered by the 38th Judicial District Court. This court previously entered an order granting both motions in part and ordered that $35,000 from the registry be turned over to Rudy O. Young, the trustee of the bankruptcy estate of HWW Enterprises, Inc. (the "Trustee"), and that $7,000 from the registry be turned over to CCS Energy Services, L.L.C. The court

took the motions under advisement with respect to the remaining funds (approximately $20,000) in the registry. The Trustee argues that the estate is entitled to the remaining funds to cover damages sustained by HWW as a result of CSS's breach of a lease agreement as well as losses sustained as a result of the delay in executing the eviction judgment during the pendency of the appeal. Specifically, HWW alleges that CSS improperly withheld approximately $9,628 from lease payments, and that this breach was the basis for the eviction judgment. HWW also claims that it is entitled to interest and lost rental opportunities during the pendency of the appeal. CSS contends that HWW is not entitled to the funds because the eviction judgment did not award damages, and because none of the damages claimed by HWW have been liquidated.

Under Louisiana Code of Civil Procedure Article 2124(B)(3), the security for a suspensive appeal "shall be fixed by the trial court at an amount sufficient to assure satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution." CSS is correct that HWW's claim for $9,628 was not part of the eviction judgment, and by extension, was not secured by the funds deposited in the registry of the court. However, the Trustee also alleges that the delay caused by the appeal resulted in lost rental opportunities. Such a claim would constitute "damages from delay resulting from the suspension of the execution" of the eviction judgment, and thus are secured by the

funds deposited in the state court registry. However, any such claims have not been liquidated. Accordingly, with respect to the remaining funds in the registry of the state court, both motions for turnover are **DENIED**.  These funds shall remain in the registry of the state court pending further order from this court.

    **IT IS SO ORDERED.**

###